CRICHTON, J.,
additionally concurs and assigns reasons.
hln my view, in this circumstantial evidence case, it was incumbent upon the prosecution to present a medical doctor or forensic pathologist to opine as to the cause of death. The absence of such testimony led to the result here: a rational juror could not have found proof of guilt beyond a reasonable doubt. See State v. Mack, 2013-1311, p. 8 (La.5/7/14), 144 So.3d 983, 989 (quoting State v. Captville, 448 So.2d 676, 680 (La.1984)). Even though the medical examiner in this cold case was deceased, the prosecution could have retained a qualified expert to examine the autopsy report and Certificate of Death to provide testimony regarding, inter alia, the cause of death, the time of death, and the cause of other injuries on the decedent’s body, such that the overall evidence would exclude “every reasonable hypothesis of innocence.” La. R.S. 15:438. The prosecution’s failure to do so was fatal to its case.